UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON CHRISTOPHER RICHTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-cv-825-CDP |
| ) | |
| ST. LOUIS CITY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jason Christopher Richter, an inmate at Ozark Correctional Center, for leave to commence this action without prepayment of the required filing fee. (Docket No. 3). For the reasons stated below, the will grant the motion and assess an initial partial filing fee of $1.08. *See* 28 U.S.C. § 1915(b)(1). In addition, the Court will direct plaintiff to submit an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an affidavit and an inmate account statement showing an average monthly balance of $5.41. The Court will therefore assess an initial partial filing fee of $1.08, twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a *pro se* complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004)

(federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against the St. Louis City Jail and the MSI Workhouse. He seeks monetary relief as compensation for past harm. He alleges that, while an inmate at MSI, he fell down a flight of stairs and broke his foot. He repeatedly asked for medical treatment and was denied, and ultimately reset the bone in his foot himself. He was told he had to walk to the medical department, despite his statements that walking was too painful. He laid on the floor in peaceful protest and was threatened, but later underwent an x-ray which was positive for fracture of the fifth metatarsal. Attached to the complaint is a copy of the x-ray report. (Docket No. 1, Attch. 1, at 2).

Plaintiff alleges that he could not get proper treatment from the St. Louis City Workhouse, that there was total disregard for his pain and suffering, and that he was placed in segregation to prevent him from contacting his family about his situation. He alleges that he "finally had to get a court order from my Judge." (Docket No. 1 at 3). Attached to the complaint is a copy of a July 1, 2016 Order entered in the Twenty-Second Judicial Circuit of Missouri, signed by the Honorable Rex M. Burlison. (Docket No. 1, Attch. 1, at 1). Therein, Judge Burlison ordered the sheriffs to take plaintiff to undergo a medical evaluation for his injuries, and ordered that plaintiff receive proper treatment for his injuries before being remanded to the

custody of the Missouri Department of Corrections.[1] (*Id.*). Plaintiff alleges that he was "sent to E.R.D.C.C. instead of St. Louis City Corrections abiding by the court order." (Docket No. 1 at 3).

## Discussion

The only named defendants are the St. Louis City Jail and MSI Workhouse. However, a department or subdivision of local government, like the St. Louis City Jail and MSI Workhouse, cannot be sued under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, AR*., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"). Therefore, plaintiff's claims are legally frivolous and subject to dismissal. *See Ballard v. Missouri*, No. 4:13CV528 JAR, 2013 WL 1720966, at *3 (E.D. Mo. April 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities"). In addition, even if plaintiff had named the City of St. Louis as a defendant, the complaint as pled would not state a claim of municipal liability because plaintiff does not allege that the constitutional violations resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

In consideration of plaintiff's *pro se* status and the serious nature of his allegations, the

---

1 Examination of the records of the Twenty-Second Judicial Circuit of the State of Missouri confirm the entry and content of this Order. *See State v. Jason C. Richter*, https://www.courts.mo.gov/casenet/cases/searchDockets.do, Case Number 1522-CR00719-01 (July 1, 2016). This Court takes judicial notice of this public state record. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

Court will allow him to file an amended complaint. In the amended complaint, plaintiff should specify the name of the person(s), to the extent he knows it, who was personally responsible for violating his constitutional rights. Plaintiff should understand that liability under 42 U.S.C. § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Simply put, this means that plaintiff must allege facts that show how each defendant was directly involved in or personally responsible for violating his constitutional rights. Even so, the amended complaint must not be overly wordy, and it must not include irrelevant information.

In the "Caption" section of the form complaint, plaintiff should write the name of the first defendant he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing that first defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth a short and plain statement of the facts supporting his claim against that defendant; and (2) state what constitutional or federal statutory right(s), to the extent he knows it, that defendant violated. If plaintiff is suing more than one defendant, he should do the same thing for each one.

Plaintiff must also specify whether he is suing each defendant in his or her individual capacity, official capacity, or both. <u>The failure to sue an individual defendant in his or her individual capacity may result in the dismissal of that defendant from this case</u>. In order to state a claim against a government official in his official capacity, plaintiff must allege that a policy or

custom of his employer was responsible for the alleged constitutional violation. *See Monell,* 436 U.S. at 690-91.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.08 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint on a court-provided form no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

Plaintiff's failure to timely comply with this Memorandum and Order may result in the dismissal of this action without prejudice and without further notice.

Dated this 12th day of May, 2017.

_____
CATHERINE D. PERTY
UNITED STATES DISTRICT JUDGE