UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JASON CHRISTOPHER RICHTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-825-CDP |
| | ) | |
| ST. LOUIS CITY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Jason Christopher Richter's filing of an amended complaint. For the reasons stated below, I will allow plaintiff the opportunity to submit a second amended complaint.

### Procedural History

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In his original complaint, he named the St. Louis City Jail and the MSI Workhouse as defendants, and sought monetary relief. He alleged he fractured his foot, and was denied medical treatment. Upon initial review, I noted that the complaint was subject to dismissal because neither defendant was an entity subject to suit under § 1983, and allowed plaintiff the opportunity to submit an amended complaint. I clearly instructed him that he was required to allege facts showing how each defendant he named was directly involved in or personally responsible for violating his constitutional rights. Plaintiff timely filed an amended complaint, which I now review pursuant to 28 U.S.C. § 1915(e)(2).

### Legal Standard on Initial Review

The Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous,

1

malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient, as is a pleading that tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Amended Complaint**

In the amended complaint, plaintiff names Dale Glass, Leonard Edwards, Tonya Harry, Gerome Fields, Scott Weber, and Alexis Lee Silshe in their official and individual capacities. However, plaintiff fails to allege that any named defendant personally participated in or was directly responsible for any alleged deprivation of rights. Instead, he alleges that he suffered a foot fracture, and that the Workhouse and unnamed people denied him treatment and placed him

2

in segregation. He then lists the defendants' names, and states that they are liable to him because they failed to ensure he was treated humanely, and allowed the Workhouse to "act in neglect, malpractice and racism" in violation of his constitutional rights. (Docket No. 6 at 5).

The amended complaint is subject to dismissal because plaintiff fails to allege that any defendant personally participated in or was directly responsible for any alleged deprivation of rights. As I previously explained to plaintiff, liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured him). Plaintiff appears to claim that the defendants are liable to him because they hold supervisory or other authoritative positions. Such claims are not cognizable in § 1983 actions. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (the theory of *respondeat superior* is inapplicable in § 1983 claims).

In consideration of plaintiff's *pro se* status, I will permit him the opportunity to submit a second amended complaint. Plaintiff is warned that the second amended complaint will replace his prior pleadings, and it therefore must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the second amended complaint on a court-provided form, and must follow Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Caption" section of the second amended complaint, plaintiff must write the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official

capacity, or both. In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) write a short and plain statement of the facts supporting his claim against that defendant; and (2) state what constitutional or federal statutory right(s), to the extent he knows it, that defendant violated. If plaintiff is suing more than one defendant, he should do the same thing for each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations specific to that particular defendant and the right(s) that defendant violated. **Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case**.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall submit a second amended complaint on a court-provided form no later than twenty-one (21) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**Plaintiff's failure to timely comply with this Memorandum and Order will result in the dismissal of this action without prejudice and without further notice.**

Dated this 3rd day of August, 2017.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE