UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON CHRISTOPHER RICHTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-cv-825-CDP |
| ) | |
| ST. LOUIS CITY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court sua sponte. For the reasons stated below, I will dismiss this case without prejudice.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. In his original complaint, he named the St. Louis City Jail and the MSI Workhouse as defendants, and sought monetary relief. He alleged he was denied medical treatment following a foot fracture. Upon initial review, I noted that the complaint was subject to dismissal because neither defendant was an entity subject to suit under § 1983, and I allowed plaintiff the opportunity to submit an amended complaint. I clearly instructed him that he was required to allege facts showing how each defendant he named was directly involved in or personally responsible for violating his constitutional rights.

Plaintiff timely filed an amended complaint, which I reviewed pursuant to 28 U.S.C. § 1915(e). In the amended complaint, plaintiff named several individuals in their official and individual capacities. However, plaintiff failed to allege that any named defendant personally participated in or was directly responsible for any alleged deprivation of rights. Instead, he alleged that he suffered a foot fracture, and that the Workhouse and unnamed people denied him

1

treatment and placed him in segregation. He also alleged that the defendants collectively failed to ensure he was treated humanely, and allowed the Workhouse to "act in neglect, malpractice and racism" in violation of his constitutional rights. (Docket No. 6 at 5). In a Memorandum and Order dated August 3, 2017, I noted that the amended complaint was subject to dismissal because plaintiff failed to allege that any defendant personally participated in or was directly responsible for any alleged deprivation of rights, and permitted him to file a second amended complaint. In so doing, I clearly explained the deficiencies of the amended complaint, clearly instructed plaintiff how to prepare the second amended complaint, and cautioned him that, if he failed to timely comply, his case would be dismissed without prejudice and without further notice.

Plaintiff's response was due to the Court on August 24, 2017. To date, however, he has neither filed a second amended complaint nor sought additional time to do so. Plaintiff was given meaningful notice of what was expected, and cautioned that his case would be dismissed if he failed to timely comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to prosecute his case and his failure to comply with my August 3, 2017 Order. Fed. R. Civ. P. 41(b); *see also Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (*per curiam*) (affirming dismissal without prejudice where *pro se* plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so); *Fitzwater v. Ray*, 352 F. App'x 125, 126 (8th Cir. 2009) (*per curiam*) (district court did not abuse its discretion in dismissing action without prejudice when the *pro se* plaintiffs failed to comply with an order "directing them to file within fourteen days an amended complaint in conformity with Rule 8");

*Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 20th day of September, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE